THOMPSON & BLACK, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10837.   Promulgated April 20, 1928.

*Chester B. McLaughlin, Esq.*, for the petitioner.
*Clark T. Brown, Esq.*, for the respondent.

730

OPINION.

ARUNDELL: At the time Thompson proposed to Friday, the other member of the partnership, that the firm extend its activities by entering into the business of leasing, buying and selling oil and gas

property, the latter was not disposed to assume the risk involved. Thompson, however, was of the belief that the partnership could engage in the proposed business without great risk of financial failure, and in consideration of a right to receive 95 per cent of any profits realized from the venture instead of 85 per cent, the proportion he was entitled to receive of other earnings of the firm, agreed with Friday to indemnify him against any loss resulting from the new business, the loss, if any, to be deducted from the former's share of .partnership profits. Pursuant to this verbal understanding the partnership invested between $75,000 and $80,000 in the venture and during the taxable year suffered a loss in connection therewith in the amount of $65,155.04. All business was transacted in the name of the petitioner, all expenses were paid from partnership funds, representing undivided profits, and the net loss incurred in the transaction was claimed as a business expense by the firm in its return for 1917. These as well as other facts in the record convince us that the business was not that of Thompson, as contended by the respondent at the time of his disallowance of the amount here claimed as a deduction, but that of the petitioner.

The respondent argues in the alternative that, even conceding that the transactions were engaged in by the partnership, there was no loss suffered by it as Thompson had agreed to individually stand any losses. The agreement as we understand it, however, was one between Thompson and Friday to the effect that the former would indemnify the latter to the extent that Friday would in any event receive not less than 15 per cent of the partnership earnings derived from the rendition of professional services. The loss was suffered in a transaction in which the partnership was engaged and the fact that one partner agreed with the other that any losses sustained therein should be charged to the former's share of the partnership profits makes this loss none the less a loss of the partnership.

*Judgment will be entered on 10 days' notice, under Rule 50.*